**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 4, 2019

LETTER TO COUNSEL

RE:     *Vikki D. v. Commissioner, Social Security Administration*;
        Civil No. SAG-18-3898

Dear Counsel:

Plaintiff Vikki D. has filed a motion seeking payment of $9,342.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[1]  ECF 14.  In response, the Commissioner argues that the EAJA does not permit the hourly rate requested.  ECF 15.  I have considered those filings, and Plaintiff's reply to the Commissioner's response.  ECF 16.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2018).  For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).  To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment.  *Id.*

Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable."  *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)).  Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked.  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).  "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."  *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)).  Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable.  *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

---

[1] In her reply, Plaintiff increased her requested hourly rate by $100.00, and added four hours of attorney time spent responding to the Commissioner's Opposition, for a total fee request of $12,110.  ECF 16 at 3.

The Commissioner does not contest the number of hours worked, and does not contest that Plaintiff's attorney is entitled to receive a fee under the EAJA. The Commissioner's contention is that Plaintiff's counsel's hourly rate is unreasonable under the EAJA, because Plaintiff's counsel did not demonstrate that an increase in the cost of living justified a higher fee, and that, even if a cost-of-living increase applied, Plaintiff's counsel's calculations were incorrect. ECF 15 at 2-3. In response, Plaintiff's counsel defended her cost-of-living calculations, and increased her requested hourly rate "[i]n light of [the Commissioner's] demonstration of agency bad faith," ECF 16 at 3.

First, the Commissioner argues that Plaintiff's cost-of-living adjustment to the statutory rate of $125.00 is inappropriate, and that, even if a cost-of-living adjustment is warranted, Plaintiff's calculation of an hourly rate of $337.50 is incorrect. ECF 15 at 2-3. Under the EAJA, attorney's fees are capped at $125.00 per hour, but courts are permitted to adjust the rate to compensate for an increase in the cost of living. 28 U.S.C. § 2412(d)(2)(A)(ii). The Fourth Circuit has established that "Section 2412(d)(2)(A) leaves the decision of whether to award fees in excess of the statutory cap in the sound discretion of the district judge." *May v. Sullivan*, 936 F.2d 176, 178 (4th Cir. 1991). Furthermore, a refusal to grant an upward adjustment based solely on an increase in the Consumer Price Index ("CPI-U") value "does not constitute an abuse of that discretion." *Id.* Here, Plaintiff argues that a cost-of-living adjustment is appropriate based only on the CPI-U for the Northeast Region.[2] ECF 14 at 2, Ex. A. In her reply, Plaintiff's counsel insists that *May v. Sullivan* does not require any information beyond the CPI-U, but nonetheless "attest[ed] that the 2019 normal business expenses of the firm in question will exceed the 2018 normal business expenses, due to increases in the cost of internet-based support services." ECF 16 at 3 n.1.

In another recent case, Plaintiff's counsel adequately demonstrated that a cost-of-living adjustment was appropriate based on an increase in operating costs for her law firm, and agreed to a rate of $199.95 per hour to account for inflation factors. *See Coreen I. T. v. Comm'r, Soc. Sec. Admin.*, No. PJM-17-2260, 2019 WL 244586, at *2 (D. Md. Jan. 17, 2019) (citing Plaintiff's law firm's increase in expenses from 2015 to 2018 for receptionist services, malpractice insurance, and LEXIS service). There, the parties agreed to the cost-of-living adjustment based

---

[2] The Northeast region is comprised of Connecticut, Maine, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Rhode Island, and Vermont. *See* https://www.bls.gov/regions/mid-atlantic/news-release/consumerpriceindex_northeast.htm. In her reply, Plaintiff's counsel contends that the Commissioner "continue[d] her bad faith positions--pretending that the inflation factor for the Bureau of Labor Statistics' 'South Region' should apply." ECF 16 at 3 n.1. However, the South region covers Maryland, where this Court is located, and the Commissioner's reasonable position is known to Plaintiff's counsel. *See Coreen I. T. v. Comm'r, Soc. Sec. Admin.*, No. PJM-17-2260, 2019 WL 244586, at *2 (D. Md. Jan. 17, 2019) (Plaintiff's counsel agreeing to calculations based on the South region). Plaintiff's counsel argues that the smaller geographic area of Washington-Arlington-Alexandria should be used to calculate CPI-U because her practice is located in Washington, D.C. ECF 16 at 3 n.1. However, Washington, D.C. is also located in the South region. Inexplicably, Plaintiff's counsel initially submitted a CPI for the Northeast region, which contains neither Maryland nor Washington, D.C.

on the Commissioner's calculations (multiplying the $125.00 statutory rate by the CPI-U value for each month in which Plaintiff's counsel worked, and then divided by the CPI-U value for March 1996 when the EAJA raised the statutory hourly rate to $125.00). *Id.*; *see* Commissioner's Opposition, PJM-17-2260 ECF 46 (clearly using the South region CPI-U values).

Because Plaintiff has not made an adequate argument that an increase in her cost of living justifies a higher fee than the statutory amount, or that a recent increase in her cost of living justifies a higher fee than the one to which she recently agreed, the Court will grant an hourly rate of $199.95, to give Plaintiff's counsel the benefit of her January, 2019, agreement.

Regarding Plaintiff's "bad faith" assertion, this Court will not consider an increase in counsel's hourly rate, or an increase of number of hours she worked, based on her undeveloped and unsupported argument. In her Petition, Plaintiff supported her number of hours worked (27.68) by reiterating some of the ALJ's errors that she argued in her Motion for Summary Judgment. ECF 14 at 2-3. She concludes that section with the following:

> The resulting fee of $9,342.00 is reasonable and necessary to deter the Commissioner from permitting ALJs to issue decisions so lacking in accuracy and conformity with the law that the decisions are, if fact, abusive. It is improper for the Commissioner to permit decisions such as this to be written, much less to adopt them, to burden the Court with a decision unlawful on its face--and to abuse the judicial process to delay the disability benefits to which [Plaintiff] is entitled, and which she desperately needs.

At no point does Plaintiff assert that she is entitled to $337.50 per hour for her work in this case based on "bad faith," nor does she cite to any statute or caselaw that supports such a position. *See* ECF 14. Indeed, Plaintiff does not use the phrase "bad faith" in her Petition. *Id.* In her reply, Plaintiff contends that the Commissioner failed to respond to her bad faith argument and that, by not challenging it, conceded that "the underlying decision was so lacking in merit that it could only have been issued to abuse the judicial process." ECF 16 at 1-2. However, a party cannot concede a point that was not raised or argued. In any event, Plaintiff's counsel does not identify how the EAJA supports her position that she should be awarded more per hour because of the SSA's alleged bad faith. Plaintiff cites only to EAJA § 2412(c)(2) (explaining that, where attorney's fees are awarded based on a finding of bad faith under subsection (b), the agency found to have acted in bad faith is responsible for payment of the award), and asserts, without support, that "inflation factors are irrelevant to fees awarded, in whole or in part, on the basis of bad faith." ECF 16 at 2 & 3 n.1.

> Section 2412(b) authorizes an award of "reasonable" attorney fees against the United States where, and to the extent that, a private party in the government's position "would be liable under the common law." [28 U.S.C.] § 2412(b). Where the United States has litigated in bad faith, for example, it is subject to a common law attorney fee award based upon prevailing market rates. *See, e.g., Baker,* 839

> F.2d at 1080 & n. 3, 1081–82; *Action on Smoking & Health v. Civil Aeronautics Bd.,* 724 F.2d 211, 217 & n. 26 (D.C. Cir.1984); *see also* H.R. Rep. 1418, 96th Cong.2d Sess. 8 (1980) ("The 'bad faith' exception allows an award where the losing party has willfully disobeyed a court order or has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."), *reprinted in* 1980 U.S.Code Cong. & Admin. News 4953, 4984, 4987.

*Sullivan v. Sullivan*, 958 F.2d 574, 577 n.8 (4th Cir. 1992).

Even if Plaintiff had raised the issue in her Petition, and the EAJA could support an increase in Plaintiff's counsel's hourly rate for bad faith, Plaintiff's counsel does not establish that the government acted in bad faith. In her reply, Plaintiff asserts that "[t]he ALJ's bad faith was manifest in her decision, riven with legal and factual error," and that "the Appeals Council [either] rubberstamped the ALJ's decision without reading it, or the Appeals Council knowingly chose to ignore the multitude of flagrant errors." ECF 16 at 2. Plaintiff further accuses the Commissioner of "delay[ing] another eight months before conceding that her denial decision had no merit."[3] *Id.* The Commissioner has already conceded to a remand in this case, ECF 12; Plaintiff need not continue to argue the point.

Plaintiff's argument that the ALJ's decision was "ultra vires" is perplexing. ECF 16 at 1. Black's Law Dictionary defines "ultra vires" as "Unauthorized; beyond the scope of power allowed or granted by a corporate charter or by law." Black's Law Dictionary (11th ed. 2019). Plaintiff does not explain how the doctrine of ultra vires supports her motion for EAJA fees. She does not argue that the ALJ acted without authorization; indeed, Plaintiff argued that the ALJ committed errors in the course of performing the ALJ's job, which is something only someone with authority can do.

Plaintiff's counsel's addition of 4.0 hours to reply to the Commissioner's brief is disallowed because her reply lacked merit. As the Commissioner does not challenge the 27.68 hours of attorney time, 27.68 hours will be awarded. At $199.95 per hour, Plaintiff is entitled to an award of $5,534.62. Despite the reduction in proposed hourly rate, the amount remains well above the heartland of recent EAJA fee awards in cases presenting in a similar procedural posture. *See Valois v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3784 (awarding $1,687.50 on August 23, 2019); *Franklin v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3191 (awarding $1,260.00 on August 21, 2019); *Mitchell v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1320 (awarding $1,975.00 on August 19, 2019); *Hunsucker v. Comm'r, Soc. Sec. Admin.*, No. 15-3072-SAG (awarding $1,900.00 on August 19, 2019); *Powers-French v. Comm'r, Soc. Sec. Admin.*, No. 18-1850-SAG (awarding $1,765.73 on August 19, 2019); *Tarver v. Comm'r, Soc. Sec. Admin.*, No. 18-2416-SAG (awarding $5,400.00 on August 19, 2019); *Acosta v. Comm'r,*

---

[3] The Court notes that while Plaintiff filed her Complaint on December 18, 2018, Plaintiff filed her Motion for Summary Judgment on July 5, 2019, and the Commissioner filed her Consent Motion to Remand on August 7, 2019 – before her deadline of September 3, 2019. *See* ECF 11, 12. There is no evidence of any unusual delay in this case, and, in fact, the Commissioner acted quite promptly.

*Soc. Sec. Admin.*, No. 18-2015-SAG (awarding $1,720.00 on August 19, 2019); *Smith v. Comm'r*, Soc. Sec. Admin., No. 18-2083-SAG (awarding $4,317.60 on August 20, 2019). Accordingly, Plaintiff's Motion for Attorney Fees will be GRANTED IN PART AND DENIED IN PART. An implementing order follows.

Despite the informal nature of this letter, it should be flagged as an opinion.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge